IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

vs.                                             CASE NO.: 1:08cr10-SPM

DIEGO CHOXJ CHA,

      Defendant.
_____/

## ORDER DENYING SEVERANCE

Defendant Diego Choxj Cha's motion for severance (doc. 94) was heard on August 12, 2008. For the following reasons, the motion will be denied.

1. The Government does not intend to delay trial pending the arrest of co-defendant John Roger Sager.

2. An antagonistic defense may warrant a severance if "the essence of one defendant's defense is contradicted by a co-defendant's defense" so that they are "irreconcilable or mutually exclusive." United States v. Cassano, 132 F.3d 646, 652 (11th Cir. 1998). Mutually antagonistic defenses do not always require a severance, however. United States v. Blankenship, 382 F.3d 1110, 1123 (11th Cir. 2004). The touchstone is whether a joint trial will result in prejudice that cannot be alleviated by any other means. Id.

3. Cha's defense that he did not know what marijuana was has not been shown to be antagonistic to the other defendants' defenses. Although the other defendants could be prejudiced by testimony from Cha that he worked for Sager cultivating plants indoors, at most this presents a Bruton[1] issue that does not materialize since Cha intends to testify at trial and his defense would only inculpate Sager.

4. A defendant may have a right to comment on a co-defendant's silence when their defenses are truly antagonistic. United States v. Johnson, 713 F.2d 633, 652 (11th Cir. 1983). This situation occurs when a testifying defendant and non-testifying co-defendant present contradictory versions of an event as part of their defenses. Gurleski v. United States, 405 F.2d 253, 265 (5th Cir. 1968). The testifying defendant's attorney is entitled to comment on the failure of the co-defendant to testify "just as an attorney is free to comment on the effect of any interested party's failure to produce material evidence in his possession or to call witnesses who have knowledge of the pertinent facts." De Luna v. United States, 308 F.2d 140, 143 (5th Cir. 1962). When this situation occurs, a severance of trial is warranted to preserve the right of the testifying defendant to make the comment, while protecting the right of the non-testifying

---

[1] Bruton v. United States, 391 U.S. 123 (1968) (confession of non-testifying co-defendant cannot be introduced at joint trial if it inculpates other defendants).

CASE NO.: 1:08cr10-SPM

defendant to remain silent.  <u>Johnson</u>, 713 F.2d at 653; <u>Blankenship</u>, 382 F.3d at 1123 n24.

     5.     This case does not present a situation of antagonistic defenses where comment on a co-defendant's failure to testify would be warranted.  Cha takes the position that testimony from co-defendant Erickson would corroborate his defense.  Unlike a situation where a non-testifying co-defendant takes an antagonistic position and fails to support it with testimony, no rational inference furthering Cha's position can be drawn from Erickson's failure to testify.

     6.     Cha is in the position that many defendants face: he could benefit from his co-defendant's exculpatory testimony but cannot obtain it because the co-defendant is not required to testify.  This does not entitled Cha to comment on his co-defendant's refusal to testify.  <u>Johnson</u>, 713 F.2d at 653.  Nor does it entitle him to a severance.  See <u>United States v. Cobb</u>, 185 F.3d 1193, 1197 (11th Cir. 1999) (A defendant seeking a severance based on the exculpatory testimony of a co-defendant "must show (1) a bona fide need for the testimony; (2) the substance of the desired testimony; (3) the exculpatory nature and effect of the desired testimony; and (4) that the codefendant would indeed have testified at a separate trial.").

     7.     Despite Cha's problems with diet and communication in pretrial custody, it has not been shown that his physical or mental health is at risk so

as to warrant a severance for early trial.   Accordingly, it is

  ORDERED AND ADJUDGED that the motion for severance (doc. 94) is denied.

  DONE AND ORDERED this 19th day of August, 2008.

       *s/ Stephan P. Mickle*
       Stephan P. Mickle
       United States District Judge

CASE NO.: 1:08cr10-SPM